UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────── X

RENE CARABALLO & CARMEN TORRES,

                Plaintiffs,

    -against-

HOMECOMINGS FINANCIAL, a subsidiary of GMAC-RFC; FEDERAL NATIONAL MORTGAGE ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NATIONSTAR MORTGAGE; , and JOHN DOES 1 through 10,

                Defendants.
─────────────────────────────────────── X

CIVIL ACTION No.
12-cv-3127 (JPO)

**DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

        **PLEASE TAKE NOTICE** that, pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Federal National Mortgage Association, Mortgage Electronic Registration Systems, Inc., and Nationstar Mortgage, LLC (individually and collectively, the "Defendants") hereby request that Plaintiffs produce the documents identified in Schedule A annexed hereto (the "Documents") pursuant to the instructions contained therein. The Documents should be produced for inspection and copying at the offices of Defendants' attorneys, Stevens & Lee, P.C., 485 Madison Avenue, 20th Floor, New York, New York 10022, on or before September 17, 2012. The Documents shall be produced either (a) in the manner they are kept in the usual course of business, or (b) organized and labeled to correspond with the categories set forth in Schedule A.

Dated: New York, New York
August 17, 2012

          **STEVENS & LEE, P.C.**
          Counsel to Defendants

          By: _____
          Bradley L. Mitchell (BM 1691)
          Constantine D. Pourakis (CP 0730)
          485 Madison Avenue, 20th Floor
          New York, New York 10022
          Phone: (212) 319-8500
          Fax:   (212) 319-8505
          blm@stevenslee.com; cp@stevenslee.com

TO:   **RENE CARABALLO**
      *Pro Se*
      2569 Bainbridge Avenue
      Bronx, NY 10458

      **CARMEN TORRES**
      *Pro Se*
      2569 Bainbridge Avenue
      Bronx, NY 10458

# SCHEDULE A

## REQUEST FOR PRODUCTION OF DOCUMENTS

### Definitions and Instructions

In addition to the rules of discovery set forth in the Federal Rules of Civil Procedure, the Federal Rules of Evidence and the local rules of United States District Court for the Southern District of New York (the "Local Rules"), the following instructions and definitions shall apply to these document requests (the "Requests").

**Instructions:**

    A.    All Requests are deemed to be continuing and Plaintiffs shall promptly provide supplemental responses to the Requests in the event that Plaintiffs obtains any documents responsive to the Requests at any time after the response.

    B.    If any documents that would have been responsive to any Requests have been destroyed, Plaintiffs are requested to submit in lieu of each such documents a written statement that:

        (i)    describes the nature of each such document destroyed; and

        (ii)    identifies, if possible, the date or the approximate date of destruction, the means of destruction, the person or persons causing such destruction, and the cause for the destruction.

    C.    If any documents that would have been responsive to any Request are no longer in the possession, custody or control of Plaintiffs, identify each document, the person who currently has possession, custody or control of the document, and the date possession, custody or control was transferred to that person.

D.      If a document is withheld on the basis of a claim of privilege, Plaintiffs shall comply with Rule 26.2 of the Local Rules and state with respect thereto: the nature of the privilege (including work product), and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; the type of document; the general subject matter of the document; the date of the document; and, such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, and any other recipient to each other.

E.      Where an objection is made to any of the Requests herein, or part thereof, Plaintiffs must state with specificity all grounds for the objection. Any ground not stated in an objection within the time provided by the Federal Rules, or any extensions thereof, shall be deemed to be waived.

F.      Interpretation of the Requests shall be consistent with the Local Rules.

**Definitions**:

The text of Rule 26.3 of the Local Rules, entitled "Uniform Definitions in Discovery Requests" apply to the Requests. The following additional definitions apply:

I.      "Communications" shall mean the transmittal, in any form, of any type of information including, but not limited to, correspondence, memoranda, electronic mail messages, notes or logs of meetings, written statements, diaries, daily calendars, and other records and drafts of the foregoing.

II.     "Complaint" means the initial Complaint and any and all Amended

Complaints filed in the future in this matter.

   III.  "Concerning" or "concern" means referring to, alluding to, responding, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, analyzing, reflecting, and/or constituting.

   IV.  "Defendants" shall mean any or all of FNMA, MERS and Nationstar, individually or collectively.

   V.  "Document" means (i) any writing of any nature whatsoever, (ii) any computer, mechanical, photographic, printed, magnetic, electrical, or electronic recordings or records or other tangible matter of any kind, and (iii) any other document contemplated under the Federal Rules of Civil Procedure, regardless of location, in your possession, custody or control. Any copy containing thereon or to which is attached any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence shall be deemed a separate document within the foregoing definition.

   VI.  "FNMA" shall mean Federal National Mortgage Association and/or any of its parents, subsidiaries, affiliates, or predecessors, and any of their officers, directors, employees, attorneys, agents, independent contractors or other persons acting or engaged to act on their behalf.

   VII.  "Forensic Loan Audit" shall mean the Forensic Loan Audit prepared by Tila Solutions for Plaintiffs.

   VIII.  "Including" shall mean including, but not limited to.

   IX.  "MERS" shall mean Mortgage Electronic Registration Systems, Inc.

and/or any of its parents, subsidiaries, affiliates, or predecessors, and any of their officers, directors, employees, attorneys, agents, independent contractors or other persons acting or engaged to act on their behalf.

  X.  "Mortgage" shall mean that certain Mortgage dated on or about May 14, 2007 that was executed by Plaintiffs pursuant to which Plaintiffs granted a mortgage on the Property.

  XI.  "Nationstar" shall mean Nationstar Mortgage, LLC. and/or any of its parents, subsidiaries, affiliates, or predecessors, and any of their officers, directors, employees, attorneys, agents, independent contractors or other persons acting or engaged to act on their behalf.

  XII.  "Note" shall mean that certain Promissory Note dated on or about May 14, 2007 in the original principal amount of $397,500 that was executed by Plaintiffs.

  XIII.  "Plaintiffs" shall mean either or both of Rene Caraballo and Carmen Torres both individually and collectively, under any name by which she or he might have ever been known, and shall also include her or his agents, representatives, investigators, attorneys, and all persons acting for or on behalf of her or him.

  XIV.  "Property" shall mean 2569 Bainbridge Avenue, Bronx, New York.

  XV.  "Securitization Audit" shall mean that document annexed as Exhibit B to the Complaint.

## Documents to be Produced

  1.  All Documents and Communications Concerning the Note.

2. All Documents and Communications Concerning the Mortgage.

3. All Documents and Communications Concerning the Property.

4. All Documents and Communications Concerning the May 14, 2007 closing on the Note and Mortgage.

5. All Documents and Communications Concerning any of the Defendants.

6. All Documents and Communications Concerning the Securitization Audit.

7. All Documents and Communications Concerning the Forensic Loan Audit.

8. All Documents and Communications Concerning Plaintiffs and Homecomings Financial.

9. All Documents and Communications Concerning the Pooling and Servicing Agreement referred to in paragraph 16 of the Complaint.

10. All Documents and Communications Concerning the Trust referred to in paragraph 17 of the Complaint.

11. All Documents and Communications Concerning the Plaintiffs' request to quiet title to the Property, as alleged in paragraph 19 of the Complaint.

12. All Documents and Communications Concerning the allegation in paragraph 24 of the Complaint that Homecomings be stricken from any further actions.

13. All Documents and Communications Concerning the allegation in paragraphs 26 and 31 of the Complaint that the Note was sold, transferred and securitized to FNMA.

14. All Documents and Communications Concerning the allegation in

paragraphs 32 through 37 of the Complaint that Homecomings sold its interest in the Note.

15. All Documents and Communications Concerning the allegation in paragraph 44 of the Complaint that the Note was securitized into a REMIC.

16. All Documents and Communications Concerning the allegation in paragraphs 53 and 55 of the Complaint that the Note and Mortgage have been discharged.

17. All Documents and Communications Concerning the "Broker Findings" in the Forensic Loan Audit.

18. All Documents and Communications Concerning the "Lender Findings" in the Forensic Loan Audit.

19. All Documents and Communications Concerning "Part 2: Underwriting" in the Forensic Loan Audit.

20. All Documents and Communications Concerning "Part 3: Closing Documents" in the Forensic Loan Audit.

21. All Documents and Communications Concerning "Part 4: Borrower, Broker, Lender Relationship – Assignee Status" in the Forensic Loan Audit.

22. All Documents and Communications Concerning "Part 5: Predatory Lending – Unfair Business Practices – Deceptive Business Acts" in the Forensic Loan Audit.

23. All Documents and Communications Concerning "Part 6: Securitization" in the Forensic Loan Audit.