UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RENE CARABALLO and CARMEN TORRES,   :
   :
               Plaintiffs,   :
   :
       -against-   :           **MEMORANDUM AND ORDER**
   :
HOMECOMINGS FINANCIAL, a subsidiary of   :
GMAC-RFC; FEDERAL NATIONAL   :       12 Civ. 3127 (JPO)(KNF)
MORTGAGE ASSOCIATION; MORTGAGE   :
ELECTRONIC REGISTRATION SYSTEMS,   :
INC., NATIONSTAR MORTGAGE, and   :
JOHN DOES 1 through 10,   :
   :
              Defendants.   :
-------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

Before the Court is the plaintiffs' motion for "reasonable expenses, attorneys' fees and costs incurred . . . due to [the defendants'] substantial unpreparedness and lack of good faith [in connection with] . . . the settlement conference held on November 28, 2012." The motion is unopposed.

## BACKGROUND

On April 20, 2012, Rene Caraballo ("Caraballo") and Carmen Torres commenced this action, pro se, by filing a complaint with the Clerk of Court. Subsequently, the plaintiffs retained the law firm Moulinos & Associates to represent them in this action and, on August 29, 2012, Peter Moulinos, Esq. ("Moulinos") filed a notice of appearance with the Clerk of Court on the plaintiffs' behalf. Thereafter, on September 14, 2012, the plaintiffs filed an amended

-1-

complaint alleging that the defendants engaged in illegal predatory lending practices, and seeking declaratory and monetary relief.

On August 13, 2012, the Court ordered the parties to attend a settlement conference to be held on November 28, 2012.  In its August 13, 2012 order, the Court directed the parties to "review and comply with [its] Procedures Applicable to Cases Referred for Settlement [("Procedures")], a copy of which [was] provided [to the parties,] . . . [and] engage in good-faith settlement negotiations," prior to the settlement conference.  See Fed. R. Civ. P. 16(c)(2(I). Additionally, the Procedures state that "it is imperative that all parties come prepared on their scheduled date," and a party's failure to do so may result in that party being required to "reimburse all other parties for their time and travel expenses."

The movants contend that the "defendants were given more than three months notice of the scheduled conference."  According to the plaintiffs, on November 8, 2012, the "defendants requested that plaintiffs provide and complete a lengthy loan modification package to allow defendants to ascertain plaintiff's [sic] financial position.  Defendants indicated that they needed the . . . package . . . in order to be prepared for the settlement conference and to present plaintiffs with an offer of settlement."  The movants contend that they acted diligently by delivering the package "twenty days before the settlement conference."

The settlement conference was convened on November 28, 2012.  Counsel to the parties and their clients were either present, or participated via telephone in the conference.  In total, six people participated in the conference with the Court.  However, the defendants "were unable to discuss a settlement [at the November 28, 2012 conference] given . . . that they had not analyzed or reviewed plaintiffs' loan modification package."  As a result of the defendants' failure, they

were unable to make an offer of settlement, or entertain any settlement proposal from the plaintiffs.  Therefore, no settlement discussions were possible.

Due to the defendants' inability to participate in the conference, on December 6, 2012, the plaintiffs brought the instant motion to recover their reasonable attorneys' fees and costs related to preparing for and attending the settlement conference, and drafting the instant motion. The plaintiffs seek fees and costs in the amount of $6,393.46.

**Movants' Fee Application**

To support their request for fees and costs, the plaintiffs have submitted to the Court: (1) an affirmation by Moulinos explaining, inter alia, that his hourly rate for legal services is $400; (2) the Court's August 13, 2012 order; and (3) two invoices – dated November 1 and December 5, 2012 – that were sent to Caraballo for legal fees she incurred.  The invoices itemize the services provided by the plaintiffs' counsel, dates of service, hourly rates, hours billed, and copying, and other costs.

Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure and the Court's inherent authority, the movants seek $3,964.29 in attorneys' fees, for approximately ten hours that were expended preparing for and attending the November 28, 2012 settlement conference. Additionally, the plaintiffs seek $2,429.17 in attorneys' fees, for approximately eight and one-half hours that were expended preparing the instant motion.  Furthermore, the movants request the copying, mailing, and transportation costs they incurred, which total $32.29.

In Moulinos's affirmation, he justifies the $400 hourly rate he billed the plaintiffs for his services by explaining that he is the managing partner of his law firm, has practiced law in New York for eighteen years and has "extensive experience and knowledge of real estate and

mortgage transactions and . . . [has] been involved in hundreds of [such] transactions." The affirmation provides no similar information regarding Moulinos's associate, Ian Henri ("Henri"), whose legal-services fees the plaintiffs also seek. The affirmation states only that Henri's hourly rate is "commensurate with the services" he provides. Beyond that description, there are no additional references to Henri in the submitted documentation. Additionally, the plaintiffs' submission alleges that the attorneys' fees they incurred, that are related to preparing for the settlement conference, are reasonable because this matter involves "claims for violations of numerous federal statutes, rules, regulations and guidelines."

## DISCUSSION

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 16(a)(5) "a court is authorized to conduct settlement conferences and to compel the parties and their counsel to attend the conferences and to participate in negotiations in good faith." Syntek Capital, AG v. Welch, No. 05-CV-180, 2006 WL 931715, at *2 (N.D.N.Y. April 7, 2006). "[T]he court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney is substantially unprepared to participate—or does not participate in good faith— in [a pretrial settlement] conference." Fed. R. Civ. P. 16(f)(1)(B). Moreover, where a party fails to comply with a settlement conference order, "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with [the Federal Rule of Civil Procedure 16 settlement conference order], unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2); see also Syntek, 2006 WL 931715, at *3.

In addition to the authority granted to it by Federal Rule of Civil Procedure 16, a district court has the inherent power "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389 (1962). This includes the power "to assess attorney's fees." DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 136 (2d Cir. 1998) (citation omitted) (internal quotation marks omitted).

**Application of Legal Standard**

The Court's August 13, 2012 order directed the parties to "come prepared on their scheduled date" to engage in settlement negotiations, and through its settlement conference Procedures, which were incorporated by reference in the order, advised that any party violating the Procedures, "**may be required to reimburse all other parties for their time and travel expenses**" (emphasis in original). Therefore, the defendants were provided with notice that failing to comply with the Procedures might expose them to paying their adversary's settlement-conference-related expenses.

During the November 28, 2012 conference, the defendants were unable to make a settlement offer to the plaintiffs, or entertain any settlement proposed by the plaintiffs because they had failed to prepare for the conference by analyzing the plaintiffs' "loan modification package." The defendants did not allege that they did not receive the plaintiffs' "loan modification package" within a reasonable time in advance of the settlement conference to permit its review. Rather, it appears that the defendants received the plaintiffs' "loan modification package," and simply took no action to review it preparatory to the settlement conference, despite the fact that, according to the plaintiffs, the defendants: (1) asked them to

prepare the "loan modification package" to enable the defendants to prepare for, and be able to make a settlement offer at the settlement conference; and (2) advised the plaintiffs that unless the defendants had an opportunity to review the "loan modification package," before the settlement conference, they would be unable to take a position on settling this action.  Thus, the defendants' failure to prepare for the settlement conference, by analyzing the "loan modification package," made it impossible for them to engage in good-faith negotiations at the settlement conference. The defendants' lack of preparation rendered the settlement conference an empty exercise, as no discussion of settlement was possible.  "[T]he success of pretrial settlement conferences depends primarily upon the preparedness of the participants.  If the participants are unprepared, these conferences, rather than assisting in the resolution and management of the case, are simply cathartic exercises" that expose the unprepared participant(s) to sanctions, pursuant to Federal Rule of Civil Procedure 16(f)(1)(B).  See Francis v. Women's Obstetrics & Gynecology Group, P.C., 144 F.R.D. 646, 647-48 (W.D.N.Y. 1992) (citations omitted).

**Reasonableness of Attorneys' Fees and Costs**

When exercising their discretion to determine the reasonableness of attorney's fees, courts in this Circuit use the "presumptively reasonable fee" standard.  Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).  The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011).  In calculating the presumptively reasonable fee, a district court must consider, inter alia, the twelve factors articulated in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974).  See Arbor Hill, 522 F.3d at 190.  Those factors are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 186–87 n.3.  Moreover, "courts should generally use the hourly rates employed in the district in which the reviewing court sits."  Id. at 192 (citations omitted).

A fee application that is not supported by evidence of "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should normally be disallowed.  New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983).  An invoice issued to a client that documents "the attorney, date, hours expended and specific work performed . . . constitute[s] sufficiently contemporaneous time records."  M.L. ex rel. M.P. v. Bd. of Educ. of City of New York, No. 02 Civ. 4288, 2003 WL 1057476, at *5 (S.D.N.Y. Mar. 10, 2003).  In addition, a successful fee application may include an award for the reasonable out-of-pocket expenses that are charged to a client, such as photocopying, travel, fees for telephone calls, postage, and computerized research.  See LeBlanc–Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998).

**Reasonable Hourly Rates**

The Court finds that Moulinos's $400 hourly rate is reasonable because he is the managing partner of a law firm in this judicial district, has been practicing law for eighteen years and has "extensive experience and knowledge of real estate and mortgage transactions[, which transactions are the subject of this action.]"  In addition, Moulinos's hourly rate is in line with hourly rates charged by attorneys of similar experience practicing in this judicial district.

See New York Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc., 657 F.
Supp. 2d 410, 424 (S.D.N.Y. 2009) (approving $425 per hour for several law firm partners);
Sheehan v. Metro. Life Ins. Co., 450 F. Supp. 2d 321, 327-29 (S.D.N.Y. 2006) (approving $425
per hour for a partner with thirty-five years of experience).

 The movants have failed to provide any information regarding Henri's background and
experience.  Moulinos's affirmation states only that Henri's hourly rate is "commensurate with
the services" he provides.  Without more, the Court cannot determine whether Henri's $275
hourly rate is reasonable.  Accordingly, awarding the plaintiffs the fees incurred for the work
Henri performed, in connection with the settlement conference, is not warranted.  See Adorno v.
Port Auth. of New York & New Jersey, 685 F. Supp. 2d 507, 514 (S.D.N.Y. 2010) (refusing to
award attorney's fees where the movant failed to supply biographical information on the attorney
for whom fees were sought).

**Reasonable Number of Hours Spent**

 Invoices may be deemed contemporaneous time records, if they identify: (1) the attorney
performing the work; (2) the task performed; (3) the date on which the task was performed; and
(4) the amount of hours expended.  See M.L. ex rel. M.P., 2003 WL 1057476, at *5.  The
movants submitted redacted invoices, with dates on which certain tasks were performed that are
illegible.  Invoices that do not show the dates on which legal services were performed impede
the Court's ability to analyze fully a party's fee application.  Inasmuch as the date on which legal
services are rendered is an integral component of a contemporaneous time record, the Court
cannot consider a specific request for fees if it is unable to determine the date on which the fee
was incurred.

The Court finds that, based on the movants' submissions, they are entitled to $3,066.67 for the seven hours and forty minutes Moulinos expended in connection with the settlement conference, at the hourly rate of $400.  This amount compensates the plaintiffs for all the hours reasonably spent by Moulinos, preparing for the settlement conference, that are supported by contemporaneous time records submitted to the Court by the plaintiffs.  However, the Court finds that the movants are not entitled to $1,133.34 in attorneys' fees for two hours and fifty minutes alleged to have been expended by Moulinos in connection with the settlement conference, as the plaintiffs failed to support their request for these fees.  The invoice entries corresponding to these fees do not show the date(s) on which Moulinos performed the relevant legal services.  Therefore, the Court cannot consider these fees in determining the reasonable expenses the plaintiffs should recover.

**Costs**

The plaintiffs requested costs in the amount of $39.29, for producing copies, mailing documents, and travelling to and from the settlement conference.  To support this request, the plaintiffs provided an invoice that indicates: (1) $22.00 for copying costs; (2) $12.79 for delivery costs; and (3) $4.50 for transportation.  The Court finds these amounts to be reasonable, see LeBlanc–Sternberg, 143 F.3d at 763, and awards the plaintiffs $39.29 in costs.

## CONCLUSION

For the foregoing reasons, the Court sanctions the defendants, pursuant to Federal Rule of Civil Procedure 16(f), and directs the defendants to tender to the plaintiffs $3,105.96, the

reasonable attorneys' fees and costs they incurred in connection with the settlement conference

the Court ordered the parties to attend.  This resolves the motion reflected at Docket Entry No.

30.

Dated:  New York, New York          SO ORDERED:
        April 12, 2013

                                     _____
                                     KEVIN NATHANIEL FOX
                                     UNITED STATES MAGISTRATE JUDGE